ORIGINAL

# In the United States Court of Federal Claims

No. 16-1039C

(Filed: February 28, 2017)

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
                                                   *
LAKESHA L. NORINGTON,                              *
                                                   *
           Plaintiff,                              *
                                                   *
    v.                                             *
                                                   *
THE UNITED STATES,                                 *
                                                   *
           Defendant.                              *
                                                   *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

FILED

FEB 2 8 2017

U.S. COURT OF
FEDERAL CLAIMS

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

Plaintiff pro se Lakesha Norington is a prisoner at the Westville Correctional Facility in Westville, Indiana. Between January 2005 and July 2012, Plaintiff filed a number of lawsuits in the United States District Courts in Indiana, alleging various causes of action including battery, multiple denials of access to, or inadequate provision of, healthcare, and intentional destruction of property. Compl. 3-73. Plaintiff also filed a request with the United States District Court for the Northern District of Indiana petitioning the court to "issue judicial orders" to several Indiana state and local entities directing them to change records to acknowledge Plaintiff's change of name. Id. at 66-67.

Plaintiff alleges that the cases she brought before the Northern and Southern District Courts of Indiana were wrongly decided and that these erroneous decisions violated her rights under the Due Process and Equal Protection clauses of the Fourteenth Amendment, Article VI of the

---

[1] This background is derived from Plaintiff's complaint.

Constitution, and 42 U.S.C. § 1983. See, e.g., id. at 3-4. Plaintiff seeks $13,035,000 in damages and a jury trial. Id. at 89-91.

## Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

In addition to the United States, Plaintiff names the United States District Court of the Northern District of Indiana, the United States District Court for the Southern District of Indiana, and the United States Court of Appeals for the Seventh Circuit as defendants in this matter. Compl. 2. The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 587-88 (1941); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979).

Plaintiff is challenging the unfavorable decisions rendered in her suits before the Northern and Southern Districts of Indiana and the Seventh Circuit. However, this Court does not have jurisdiction over challenges to the decisions of either District Courts or federal Courts of Appeals. Innovair Aviation Ltd. v. United States, 632 F.3d 1336, 1344 (Fed. Cir. 2011) (quoting Vereda, Ltda. v. United States, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("[T]he Court of Federal Claims 'does not have jurisdiction to review the decision of district courts.'" (internal citation omitted)); Bafford v. United States, No. 09-030, 2009 WL 2391785, at *4 (Fed. Cl. Aug. 3, 2009) (finding that this Court does not have jurisdiction over the decisions of the Courts of Appeals).[2]

---

[2] Plaintiff relies on 42 U.S.C. § 1983 as the basis for jurisdiction in this Court, but this statute does not authorize this Court to entertain Plaintiff's claims. 28 U.S.C. § 1343 (2012). Plaintiff also cites 28 U.S.C. §§ 2071(a) and (c) ("Rule-making power generally"), 2503(b) ("Proceedings generally"), and 2521(a) ("Subpoenas and incidental powers"), but these sections cannot serve as a basis for jurisdiction. Tasby v. United States, 91 Fed. Cl. 344, 347 (2010) (finding that these

## Conclusion

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

_Mary Ellen Coster Williams_
MARY ELLEN COSTER WILLIAMS
Judge

---

"statutes confer authority on this Court to promulgate its rules of practice and procedure, and to issue subpoenas," and do not "confer[] jurisdiction on the Court").